UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE: | CASE NO.: 16-20858-AJC

SADDY LOPEZ MARTINEZ, | Chapter 7

Debtor. /

TRUSTEE'S MOTION TO APPROVE
STIPULATION FOR COMPROMISE AND SETTLEMENT

Ross R. Hartog, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of **Saddy Lopez Martinez** (collectively, the "Debtor"), moves (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement (the "Stipulation") entered into by and between the Trustee and the Debtor. In support of the Motion, the Trustee states as follows:

### Background and Jurisdiction

1. On August 4, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Ross R. Hartog was appointed as Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's schedules and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3. The Stipulation provides for the repurchase of the Debtor's equitable interest in the 2012 Kia and the Estate's interest in the 2016 Tax Refund for the sum of $5,263.08 (the "Settlement").

4.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions and an allocation of the settlement proceeds.

## Legal Standard for Settlement

5.      Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

6.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

7.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

8.      According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)     the probability of success in litigation;

---

[1] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia,* relief without a hearing for motions to approve settlement.

  (b)  the difficulties, if any, to be encountered in the matter of collection
  (c)  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
  (d)  the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air,* 85 B.R. 891.

  9.  Specifically, the proposed settlement resolves the dispute between the Trustee and the Debtor concerning the Debtors' claimed exemptions and the values of the underlying assets, which in this case include the 2012 Kia and the Estate's interest in the 2016 Tax Refund (collective, the "Assets"). The settlement allows the parties to avoid the time and expense associated with litigating these issues, which would necessarily involve the retention and payment of valuation experts, the time and expense associated with contested evidentiary hearings, and to the extent that the Trustee was successful, the costs associated with the retention of an auctioneer and the sale of assets. This settlement significantly reduces those costs and risks by providing for the repurchase of the Assets.

  10.  Therefore, the Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

  11.  Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE,** Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed via U.S. regular mail (*or via e-mail through the Court's BNC) on _February 15, 2017_, to all interested parties on the attached service list.

/s/ Ross R. Hartog
Ross R. Hartog, Trustee
9130 S. Dadeland Blvd, Ste 1800
Miami, FL 33156
Tel: (305) 670-5000
EM: trustee@mrthlaw.com

# Exhibit "A"

## STIPULATION FOR COMPROMISE AND SETTLEMENT

**ROSS R. HARTOG, as Chapter 7 Trustee** (the "Trustee") and **Saddy Lopez Martinez** (defined herein as the "Debtor"), enter into this Stipulation for Compromise and Settlement (the "Stipulation").

A.  On or about August 4, 2016, the Debtor filed for protection under chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), which case is captioned as *In re Saddy Lopez Martinez* (USBC Case No.: 16-20858-AJC) (the "Bankruptcy").

B.  Ross R. Hartog was appointed as Chapter 7 Trustee.

C.  The Debtor has an equitable interest in an unscheduled 2012 Kia (the "Unscheduled Property"). In addition, the Debtor may be entitled to a 2016 Tax Refund (the "Refund"). The Unscheduled Property and the Refund shall collectively be known as the "Property".

D.  The Trustee asserts that the Property is non-exempt and therefore property of the Estate and subject to administration by the Trustee.

E.  The Debtor disputes certain aspects of the Trustee's exemption and value analysis.

F.  The Trustee and the Debtor agree to resolve the dispute as detailed below.

### The Settlement

1.  The Parties acknowledge and agree that this Stipulation is subject to the approval of the Bankruptcy Court and, therefore, will not be binding until such approval has been granted (the "Approval").

2.  The Trustee and the Debtor agree to compromise as follows:

The Debtor agrees to repurchase the Estate's interest in the Property for the lump sum payment of $5,263.08[1] (the "Settlement Amount") payable on or before March 15, 2017. The Trustee has already received or collected $0.00, which is to be applied to the Settlement Amount. The payment shall be in the form of a money order or cashier's check, made payable to "Ross Hartog, Trustee, for the Estate of **Saddy Lopez Martinez**, Case No.: 16-20858-AJC" and shall be delivered/mailed/over-nighted to: **Ross Hartog, Trustee, 9130 S. Dadeland Blvd, Ste 1800, Miami, FL 33156**. To the extent that the repurchase is considered a sale of assets to the Debtor, the Debtor agrees and acknowledges that the sale of the Estate's right, title, and interest in and to the assets is being made "as-is, where-is," with no representations or warranties of any type being given by the Trustee or his professional, and is further being made subject to all liens, claims, encumbrances, and interests, whether known or unknown.

---

[1] The settlement allocations are as follows: Repurchase of Trustee's Interest in the (i) 2012 Kia [$4,000]; and (ii) Estate's Interest in the 2016 Tax Refund [$1,263.08]

3. The Debtor agrees that all relevant exemption and discharge deadlines shall be extended until a date that is thirty (30) days after an order is entered approving or denying this Stipulation.

4. The Debtor represents and warrants that: (a) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct; (b) the Pleadings contain no material misrepresentations or omissions; (c) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct; and (d) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor failed or has failed to disclose any assets, or if the Trustee identifies other non-exempt assets that are not the subject of this Stipulation, this Stipulation shall not effect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5. In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, any Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees, and costs. Further, the Trustee may file a notice of default and/or motion and submit an order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

6. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

7. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

**SIGNATURE PAGES TO FOLLOW**

Dated  2/15/2017

_____
Saddy Lopez Martinez, Pro Se Debtor
2644 W 8th Ct
Hialeah, FL 33010-1206

Dated  2/15/2017

_____
Ross R. Hartog, Trustee
9130 S. Dadeland Blvd, Ste 1800
Miami, FL 33156
Tel: (305) 670-5000
EM: trustee@mrthlaw.com

# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                          CASE NO.: 16-20858-AJC

SADDY LOPEZ MARTINEZ,                           Chapter 7

                            Debtor. /

**PROPOSED**
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE**
**STIPULATION FOR COMPROMISE AND SETTLEMENT**

**THIS CAUSE** came before the Court on _____, 2017 at _____ .m., upon Ross R. Hartog, Trustee's Motion to Approve Stipulation for Compromise and Settlement (the "Motion") [ECF **]. The Trustee by submitting this form of order represents that the Motion was served on all parties as required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the Trustee, a response to the Motion, and that the form of order was attached as an exhibit to the Motion. The Court having reviewed the Motion and the Certificate of No Response, having noted that no

objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**ORDERED AS FOLLOWS:**

1. The Motion is **GRANTED**.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

3. The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Ross R. Hartog, Trustee
9130 S. Dadeland Blvd, Ste 1800
Miami, FL 33156
Tel:    (305) 670-5000
Fax:    (305) 670-5011
EM:    trustee@mrthlaw.com

Trustee HARTOG shall serve a conformed copy of this Order
upon all interested parties and file a Certificate of Service.

Bank of America
4909 Savarese Cir
Tampa, FL 33634-2413

Citibank, N.A.
c/o Zakheim & LaVrar, P.A.
1045 S. University Drive
Suite 202
Fort Lauderdale, FL 33324-3333

Ford Motor Credit Company, LLC
c/o William A. Ingraham Jr. PA
POB 370098
Miami, FL 33137-0098

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Ross R Hartog
9130 S Dadeland Blvd # 1800
Miami, FL 33156-7858

Saddy Lopez Martinez
2644 W 8th Ct
Hialeah, FL 33010-1206

Select Portfolio Svcin
Po Box 65250
Salt Lake City, UT 84165-0250

Space Coast Credit Union
8045 N Wickham Rd
Melbourne, FL 32940-7920